THE ATLANTIC INDUSTRIAL BANK *v.* MARGUERITE R. CENTONZE ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued March 5—decided March 26, 1943.

*Frank Rich,* for the appellants (defendants).

*Joseph P. Zone,* for the appellee (plaintiff).

PER CURIAM. The defendants gave the plaintiff their note, dated September 19, 1939, for $739.88, for which they received the sum of $695.45, the difference, $44.43, representing interest paid in advance. The parties orally agreed that the makers were to pay the

face of the note in fifty-two equal weekly payments, the first payment to be made one week from the date of the note. This the defendants failed to do and the plaintiff brought this action for the balance and for an attorney's fee provided for in case of nonpayment of the note. Judgment was rendered in favor of the plaintiff from which the defendants have appealed.

The assignments of error are in substance that the trial court could not on the evidence find that the rate of interest charged was less than 12 per cent per annum or that the plaintiff was an industrial bank exempted from the provisions of General Statutes, § 4732, by § 1239e of the Cumulative Supplement of 1939. The plaintiff produced in evidence a certificate dated August 12, 1926, bearing the signatures of the members of the banking commission of the state and its seal, stating that The Italian Loan Association was authorized to transact business as an industrial bank, and a copy of a certificate dated December 2, 1940, authenticated as a true copy by the secretary of the state, having upon it the seal of the banking commission and apparently the actual signatures of the members of the commission, authorizing the association to change its name to The Atlantic Industrial Bank. Under the statutes in force in 1926, the banking commission was empowered to issue a certificate of authority to a corporation to do business as an industrial bank. Public Acts, 1919, Chap. 196, § 9 (General Statutes, § 4038, Cum. Sup. 1935, § 1511c). Under the statutes in force in 1940, the banking commission was empowered to issue a certificate authorizing an industrial bank to change its name, the certificate to be filed in the office of the secretary of the state. General Statutes, Cum. Sup. 1935, §§ 1515c, 1450c. Courts take judicial notice of the seals and signatures of the heads of departments of the state government. *Cary* v. *State*, 76 Ala.

78, 83; 1 Chamberlayne, Evidence, §§ 655, 657; 1 Jones, Evidence (4th Ed.), § 111; 7 Wigmore, Evidence (3d Ed.), § 2161. The certificates in evidence were properly authenticated and in the absence of any countervailing evidence were sufficient to justify the court in finding that the plaintiff was an industrial bank. The plaintiff, being an industrial bank, was entitled to charge interest in the manner and amount that it did. General Statutes, Cum. Sup. 1939, § 1239e; *Columbus Industrial Bank* v. *Miller*, 125 Conn. 313, 319, 6 Atl. (2d) 42.

There is no error.